UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA SALYER,

    Plaintiff,

v.                                                         CASE NO.: 8:04-CV-2543-T-17MAP

AMSOUTH BANK,
a foreign corporation,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before this Court on Plaintiff's Motion to Quash Subpoena (doc. 21) and Defendant's response thereto (doc. 24). Defendant issued a subpoena duces tecum to Plaintiff's current employer, Nextel, requesting payroll and earning records, applications, resumes, personnel files, notices, disciplinary actions, correspondence, and all other documents describing her employment history and any severance of her employment (doc. 21, p. 2). Defendant claims these documents are relevant to Plaintiff's damages, credibility, emotional distress claims, and ability to work. Plaintiff contends that the only possibly relevant documents are her payroll and earnings records, which she has already provided to Defendant in discovery.

Under Federal Rule of Civil Procedure 26, discovery may be obtained regarding any relevant matter which is not privileged. A party to an action generally has no standing to contest a subpoena issued to a non-party, unless the person has a personal right or privilege with respect to the documents sought. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 (N.D. Ga. 2001); 9A Wright & Miller, Federal Practice and Procedure § 2459 (2d ed. 1995). Even when the objecting party has a privacy interest in the information sought, the subpoena will be enforced when the

relevancy of the documents to the litigation outweighs the objecting party's privacy interest. *Chazin v. Leiberman*, 129 F.R.D. 127 (S.D.N.Y. 1990). Plaintiff's motion asserts no privilege with respect to these documents. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion to Quash Subpoena (doc. 21) is DENIED.

DONE and ORDERED at Tampa, Florida on this 23rd day of September, 2005.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE